IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINE MONAGHAN and** | : | **No. 3:12cv1285** |
| **GEORGE MONAGHAN, her husband,** | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **THE TRAVELERS PROPERTY** | : | |
| **CASUALTY COMPANY OF** | : | |
| **AMERICA AND THE TRAVELERS** | : | |
| **HOME AND MARINE** | : | |
| **INSURANCE COMPANY,** | : | |
| ` Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is the motion for summary judgment filed by Defendants The Travelers Property Casualty Company of America and The Travelers Home and Marine Insurance Company (hereinafter "defendants"). The motion has been fully briefed and the matter is ripe for disposition.

**Background**[1]

Plaintiff Christine Monaghan (hereinafter "plaintiff")[2] was involved in a

---

[1] The parties do not contest these general background facts, and thus, we have omitted citations to the record.

[2] Plaintiff Christine Monaghan's husband is also named as a plaintiff in the instant case. It appears, however, that no claims have been asserted on his behalf. Therefore, we shall refer to Christine Monaghan as "plaintiff".

motor vehicle accident on April 10, 2008.  At the time of the accident, plaintiff had an automobile insurance policy (hereinafter "the policy") with the defendants.  The policy provided medical benefits with limits of $100,000 and wage loss benefits of $15,000.[3]

Due to the accident, plaintiff suffered some physical injury, and she made a claim for benefits under the policy.  Initially, the defendants paid medical benefits to the plaintiff.  To determine whether the accident caused plaintiff's accident, however, defendants had her undergo three independent medical examinations (hereinafter "IMEs").

The first and second IMEs indicated that the accident had caused the injuries.  The doctor who performed the third IME concluded that plaintiff's injuries were not caused by the accident.  Thus, the defendants notified plaintiff that it would stop providing medical benefits.

Based upon these facts, and defendant's decision to stop providing the medical benefits, the plaintiff filed the instant lawsuit. The complaint contains the following three causes of action: Count I, Breach of Contract; Count II, Bad Faith pursuant to 42 P.S. § 8371; and Count III, Unfair Trade Practice and Consumer Protection Law, 73 P.S. § 201-2, *et seq.*

---

[3]The automobile insurance policy number is 982662495 101 1.  (Doc. 30, Mot. for Summ. J. ¶ 14).

Plaintiff filed suit in the Luzerne County, Pennsylvania Court of Common Pleas on June 6, 2012.  (Doc. 1-3, Complaint (hereinafter "Compl.")).  The defendants removed the case to this court on July 5, 2012. (Doc. 1, Notice of Removal).  After a period of discovery, the defendants filed a motion for summary judgment by which they seek the dismissal of all of plaintiff's claims against them.  (Doc. 30, Mot. for Summ. J.).  The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiffs are citizens of Pennsylvania, and the defendant is a Connecticut corporation with a principal place of business in Connecticut .  (Doc. 30, Mot. for Summ. Judg. ¶¶ 4, 6).  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v.

Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

**Discussion**

Defendants' motion raises the following three issues: 1) whether plaintiff has produced sufficient evidence that defendants breached the insurance policy; 2) whether plaintiff can establish that defendants discontinued the first party medical benefits based on ill-will or self interest; and 3) whether plaintiff can establish that defendants violated the Unfair Trade Practices and Consumer Protection Law.  We will address these issues in turn.

**1. Breach**

Count I of plaintiff's complaint asserts a cause of action for breach of contract under Pennsylvania state law.  (Compl. ¶¶ 48-54).  Plaintiff avers that defendants breached the insurance contract by "failing to pay the medical bills of the Plaintiff's health care providers in a timely manner as they became due, and refusing to pay for her future medical treatment[.]"

(Id. ¶ 50).  Defendants contend that plaintiff cannot establish that they violated the terms of the insurance policy. Plaintiff's brief indicates that she "will not be pursuing a claim for breach of contract." (Doc. 34, Pl.'s Br. at 1).  Accordingly, as plaintiff appears not to contest this portion of the defendants' motion for summary judgment, judgment will be granted to the defendants on Count I of plaintiff's complaint.

**2. Bad Faith**

Count II of plaintiff's complaint asserts a cause of action for bad faith under the Pennsylvania Bad Faith statute, 42 PA. CONS. STAT. ANN. § 8371 (hereinafter "section 8371"). (Compl. ¶¶ 55-58).  Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer: any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.  For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty ( i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.  Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Prop. & Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct.

1994); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir.2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky ).

The Third Circuit Court of Appeals has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir.1997) (citing Terletsky, 649 A.2d at 688). While this test represents the general criteria, the Third Circuit has recognized that bad faith conduct extends to "a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured." Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n. 9 (3d Cir. 1999).

If a plaintiff prevails in establishing bad faith, section 8371 empowers the court to impose the following remedies: 1) interest from the date the claim was made by the insured at a rate equal to the prime rate of interest plus 3%; 2) punitive damages against the insurer; and 3) court costs and

attorney fees against the insurer.

In the instant case, the defendants argue that plaintiff has no evidence to support the contention that their behavior was motivated by self-interest or ill-will.  Therefore, judgment should be granted to them on the bad faith count.  Plaintiff disagrees and asserts that sufficient evidence has been adduced to find that the defendants committed bad faith in the handling of plaintiff's claim.  Based upon the parties' arguments, the issues regarding plaintiff's bad faith count can be broken down as follows:  A) whether there is a heightened burden of proof with regard to bad faith claims; B) to what extent can expert witness testimony be utilized in bad faith claims; C) whether plaintiff has submitted evidence that the defendants acted in bad faith.  We will address these issues in turn.

### A.  Plaintiff's burden of proof

Plaintiff's brief argues that sufficient evidence exists to create a genuine issue of material fact that defendants committed bad faith. Defendants interpret plaintiff's position to mean that plaintiff does not acknowledge the heightened evidentiary burden in bad faith claims, even at the summary judgment stage of the proceedings.  We find no significant dispute on this point.

The plaintiff agrees with defendant that she must establish a bad faith claim by "clear and convincing" evidence rather than the typical "preponderance of the evidence."  (See Doc. 34, Pl.'s Br. at 2).  Plaintiff proceeds to state in her brief that sufficient evidence exists to create a genuine issue of material fact.  (See, e.g., id. at 16-17).   This assertion by the plaintiff does not indicate that she seeks to apply a different burden of proof but merely that she believes that the evidence is sufficient to create a genuine issue of fact.  Plaintiff has set forth the correct burden of proof and we find nothing to contradict that in her also asserting that no genuine issue of material fact exists.  Accordingly, we shall examine the record to determine if sufficient evidence exists to establish the existence of a genuine issue of material fact as to whether plaintiff can prove bad faith by clear and convincing evidence.  See Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d at 129 (explaining that "[i]n deciding a motion for summary judgment, the court is required to take the heightened standard of proof into account.").

### B. Expert Testimony

In support of her bad faith claim, the plaintiff has obtained an expert witness report from Stuart J. Setcavage. (See Doc. 30-21, Ex. 21,

Setcavage Report). Defendants assert that district courts have historically held that expert testimony is usually unnecessary in bad faith lawsuits. Plaintiff agrees that it is within the court's discretion on whether to accept an expert's conclusions in evaluating summary judgment motions. However, in her analysis of the bad faith claim, the plaintiff does not principally rely on the expert's report. Accordingly, we will not rely on the report either at this stage of the proceeding. Thus, we will make no decision regarding its admissibility.

### C. Evidence of bad faith

The plaintiff's argument with regard to bad faith relates to the IMEs the defendant ordered her to take. The defendant ordered a total of three IMEs. The first two IMEs found that plaintiff's injuries were related to the motor vehicle accident. The third one found that they were not so related. After the third IME, the defendant discontinued the benefits. The gist of plaintiff's theory is that defendant kept sending her to doctors for IMEs until they got one that indicated that her injuries were not related to the accident so that they could justify discontinuing benefits.

Plaintiff has her version and interpretation of the facts which is supported by the records and depositions of defendants' employees.

Defendants counter the plaintiff's evidence with its own interpretation of the facts.  Their briefs amount to merely arguing the facts.  As such it is apparent that summary judgment is inappropriate.  It will be for the jury to decide whether the defendants engaged in bad faith and kept sending the plaintiff to doctors for IMEs until they found one to conclude that her injuries were not related to the accident or whether they in good faith required the IMEs.

**3. Unfair Trade Practices and Consumer Protection Law**

Count III of plaintiff's complaint asserts a cause of action for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (hereinafter "UTP/CPL").  (Compl. ¶¶ 59-64).  Plaintiff alleges that defendants violated the UTP/CPL "by engaging in unfair and/or deceptive acts and/or practices."  (Id. ¶ 61).   Such acts or practices included, *inter alia*, failing to pay appropriate first-party medical benefits, failing to objectively and fairly evaluate the first-party medical benefits claim and asserting defenses without a reasonable basis in fact.  (Id. ¶ 62).

Defendants challenge Count III on the basis that plaintiff has no evidence that defendants' denial of paying future benefits was fraudulent or deceptive.  Plaintiff's brief indicates that she will not be pursuing the

UTP/CPL claim.  (Doc. 34, Pl.'s Br. at 2).  Accordingly, we will grant the motion for summary judgment with regard to Count III as unopposed and grant judgment in defendants' favor on this count.

**Conclusion**

For the reasons set forth above, the defendants' motion for summary judgment will be granted as unopposed with regard to the breach of contract claim and the Unfair Trade Practices and Consumer Protection law claim.  The motion will be denied with respect to plaintiff's bad faith claim.  An appropriate order will issue.

**Date: June 16, 2013**          <u>s/ James M. Munley</u>
                                 **Judge James M. Munley**
                                 **UNITED STATES DISTRICT COURT**