IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINE MONAGHAN and
GEORGE MONAGHAN, her husband,
      Plaintiffs

v.

THE TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA and THE TRAVELERS
HOME AND MARINE
INSURANCE COMPANY,
      Defendants

No. 3:12cv1285

(Judge Munley)

# MEMORANDUM

Before the court for disposition is the defendants' motion in limine to bifurcate the bad faith and punitive damages claims into separate trials. The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff Christine Monaghan (hereinafter "plaintiff")[1] was involved in a motor vehicle accident on April 10, 2008.  At the time of the accident, plaintiff had an automobile insurance policy (hereinafter "the policy") with the defendants.  The policy provided medical benefits with limits of $100,000 and wage loss benefits of $15,000.[2]

---

[1] Plaintiff Christine Monaghan's husband is also named as a plaintiff in the instant case.  It appears, however, that no claims have been asserted on his behalf.  Therefore, we shall refer to Christine Monaghan as "plaintiff."

[2] The automobile insurance policy number is 982662495 101 1.  (Doc. 30, Mot. for Summ. J. ¶ 14).

Plaintiff suffered physical injury in the accident.  She thus made a claim for benefits under the policy.  Initially, the defendants paid medical benefits to the plaintiff.  To determine whether the accident caused plaintiff's injury accident, however, defendants had her undergo three independent medical examinations (hereinafter "IMEs").

The first and second IMEs indicated that the accident had caused the injuries.  The doctor who performed the third IME concluded that plaintiff's injuries were not caused by the accident.  Thus, the defendants notified plaintiff that it would stop providing medical benefits.

Based upon these facts, and defendant's decision to stop providing the medical benefits, the plaintiff filed the instant lawsuit. The complaint originally contained the following three causes of action: Count I, Breach of Contract; Count II, Bad Faith pursuant to 42 P.S. § 8371; and Count III, Unfair Trade Practice and Consumer Protection Law, 73 P.S. § 201-2, *et seq.*

Plaintiff filed suit in the Luzerne County, Pennsylvania Court of Common Pleas on June 6, 2012.  (Doc. 1-3, Complaint (hereinafter "Compl.")).  The defendants removed the case to this court on July 5, 2012. (Doc. 1, Notice of Removal).  After a period of discovery, the

defendants filed a motion for summary judgment by which they sought dismissal of all of plaintiff's claims against them. (Doc. 30, Mot. for Summ. J.). We denied the motion for summary judgment with regard to the bad faith claim and granted it as unopposed with regard to the breach of contract claim and the Unfair Trade Practices and Consumer Protection Law claim. Thus, the sole remaining cause of action for trial is bad faith, including a claim for punitive damages under the bad faith statute.

The court subsequently scheduled the case for a pretrial trial conference. In advance of the pretrial conference, the defendants filed a motion in limine to bifurcate and have separate trials on the bad faith and punitive damages claims. The defendants seek to have the factfinder first decide whether the defendant committed bad faith. The defendant proposes that after the determination of liability on the bad faith claim, the factfinder should decide the punitive damages issue. In other words, the defendants seek to bifurcate the trial into two separate portions, liability on the bad faith claim and then punitive damages. For the reasons that follow, the defendants' motion will be denied.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction

statute, 28 U.S.C. § 1332. The plaintiffs are citizens of Pennsylvania, and the defendant is a Connecticut corporation with a principal place of business in Connecticut . (Doc. 30, Mot. for Summ. Judg. ¶¶ 4, 6). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Rule 42 of the Federal Rules of Civil Procedure provides for bifurcated trials as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

FED. R. CIV. P. 42(b). Every civil trial contains questions of liability and damages, and the decision whether to bifurcate the trial must be based on the particular facts of the case. See Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978). The decision to bifurcate is left in the trial court's discretion and must be decided on a case-by-case basis. Idzojtic v. Pa. R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1972). In exercising such discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition and economy of

4

resources." Emerick v. U.S. Suzuku Motor Corp., 750 F.2d 19, 22 (3d Cir.1 984). The moving party bears the burden of establishing that bifurcation is appropriate. Innovative Office Prods., Inc. v. Spaceco, Inc., No. 50–04037, 2006 WL 1340865 at *1 (E.D .Pa. May 15, 2006) (citing Spectra–Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D.Cal.1992).

**Discussion**

Defendants argue that the danger of unfair prejudice makes bifurcation appropriate. They assert that the evidence that plaintiff intends to use to support her punitive damages claim includes an estimate of defendants' net worth. This estimated net worth is $113.459 million dollars of surplus or net equity and $412.275 million dollars in total assets. (Doc. 50-1, Defs.' Ex. 1, Report of Snyder & Clemente at 2). Defendants argue that this evidence is highly prejudicial and has no bearing on whether defendants committed bad faith. If the factfinder hears the evidence of the defendants' great net worth, it might be improperly influenced with regard to the bad faith claim. Because it is so prejudicial, and because it has no bearing on liability, defendants argue that it would be appropriate to bifurcate the proceeding and have the jury decide bad faith liability first and

then decide damages.

Plaintiff, on the other hand, argues that it is common knowledge that insurance carriers are large corporations, and therefore, the defendants' net worth will not so shock the factfinder that it will be unable to render a fair decision regarding liability. After a careful review, we agree with the plaintiff.

At issue is whether the defendants' net worth is so great that the factfinder will use that evidence against defendants in determining liability. The court is confident that it can construct a jury charge and a verdict slip that will prevent prejudice to defendants. The court presumes that a jury follows instructions, even in difficult cases, and finds that proper instructions will prevent any prejudicial confusion. See, e.g., Thaubalt v. Chait, 541 F.3d 512, 530-31 (3d Cir. 2008) (upholding the decision not to bifurcate the trial in part because the court's jury instructions prevented prejudice against the defendant).

Defendants' argument rests largely on the contention that the jury will be prejudiced against them if they know the defendants' net worth. We are not convinced. We find that any benefit derived from bifurcating the trial is vastly outweighed by the waste of time and resources inherent in

holding two trials.  Moreover, nothing distinguishes this case from the typical bad faith case with an issue of punitive damages.  To accept defendants' position, thus, would be to suggest that separate trials on punitive damages are appropriate in every case where a defendant is a corporation with a high net worth.  Our research has uncovered no law that makes such a sweeping pronouncement, and the parties have cited to none.  Rather, we must make the determination based on the facts of the case, and nothing out of the ordinary appears in this case so as to justify bifurcation.

     The defendants also argue that separate trials will be beneficial to the plaintiff because they will not need to call their punitive damages expert witness if the factfinder finds no liability.  Plaintiff denies that this will be a substantial benefit and points out that they will need to have their expert witness available to testify as soon as the verdict arrives on the bad faith claim.  Thus, which ever way the jury decides the bad faith issue, the expert witness will have to be present and prepared to testify.   We agree with the plaintiff that having separate trials will not greatly benefit them with regard to her punitive damages witness(es).

**Conclusion**

The court will deny defendants' motion to bifurcate the trial as they have not met their burden of establishing that bifurcation is appropriate. An analysis of the issues of convenience, potential prejudice, expedition and economy of resources establishes that bifurcation is not appropriate. The factfinder will be able to fairly perform its role in determining liability and damages.  An appropriate order follows.

**Date: July 16, 2014**                              s/ James M. Munley

                                               **JUDGE JAMES M. MUNLEY**
                                               **United States District Court**